UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re REFCO, INC. SECURITIES LITIGATION | No. 07-md-1902 (JSR) |

This Document Relates to:

| | |
|---|---|
| KENNETH M. KRYS, et al.,<br><br>                              Plaintiffs,<br><br>              -against-<br><br>SCHULTE ROTH & ZABEL LLP,<br><br>                              Defendant. | No. 11-cv-1486 (JSR) |

# DEFENDANT SCHULTE ROTH & ZABEL LLP'S RESPONSE TO SPHINX PLAINTIFFS' LIMITED OBJECTION TO REPORT AND RECOMMENDATION OF THE SPECIAL MASTER ON THE MOTION TO DISMISS

CHADBOURNE & PARKE LLP
Attorneys for Defendant
    Schulte Roth & Zabel LLP
30 Rockefeller Plaza
New York, New York 10112
(212) 408-5100

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...........................................................................................................................1

ARGUMENT ...................................................................................................................................2

    I    Plaintiffs Have Voluntarily Dismissed the Assignors' Claims............................................2

    II   Plaintiffs' Objection Concerning Alleged Conflicts Creates a False Issue ........................2

CONCLUSION..................................................................................................................................4

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Charl-Ho Park v. Reizes,
  No. 5:06-CV-0843, 2009 U.S. Dist. LEXIS 117077 (N.D.N.Y. Dec. 15, 2009)..................3, 4

**RULES**

N.Y. Code of Prof'l Resp. D.R. 2-110..................................................................................3

N.Y. Code of Prof'l Resp. D.R. 5-105..................................................................................3

## INTRODUCTION

Defendant Schulte Roth & Zabel LLP ("SRZ"), by and though its attorneys Chadbourne & Parke LLP, respectfully submits this memorandum of law in response to the limited objection of Plaintiffs Kenneth M. Krys and Margot MacInnis as Joint Official Liquidators of the SPhinX Funds ("SPhinX") to the Report and Recommendation of Special Master Capra (the "Special Master") on SRZ's motion to dismiss the Complaint in this action.

Plaintiffs asserted a single count of malpractice in their Complaint. Complaint, dated March 22, 2011 (D.E. 11) ("Compl."), at ¶¶ 109-17. SRZ moved to dismiss, and the Special Master issued his Report and Recommendation regarding that motion on April 9, 2012. See Report and Recommendation of the Special Master on Motion to Dismiss, dated April 9, 2012 (D.E. 91) ("R&R"). In the R&R, the Special Master recommended, *inter alia*, dismissal of the malpractice claim to the extent it was brought on behalf of certain investors who assigned their claims to Plaintiffs (the "Assignors"). R&R 7-9. The Special Master also noted that Plaintiffs' allegations of conflicts among the interests of SPhinX and certain of SRZ's other clients did not enhance Plaintiffs' malpractice claim. R&R 16-17. Plaintiffs subsequently filed their objection, challenging the Special Master's recommendation that the Assignors' claims be dismissed, and challenging what Plaintiffs perceived as the Special Master's "finding of fact" that no conflict arose among the interests of SPhinX and its investment manager, PlusFunds Group, Inc. ("PlusFunds"). See SPhinX Plaintiffs' Limited Objection to Report and Recommendation of the Special Master on the Motion to Dismiss Brought by SRZ, dated May 4, 2012 (D.E. 101) ("Objection"), at 1-4. Plaintiffs' Objection misconstrues the Special Master's conclusions, however, and this Court should not disturb those portions of the R&R relating to the Assignors' claims or alleged conflicts between SPhinX's and PlusFunds' interests.

## ARGUMENT

### I

### PLAINTIFFS HAVE VOLUNTARILY DISMISSED THE ASSIGNORS' CLAIMS

Plaintiffs' challenge to the Special Master's recommendation to dismiss the Assignors' claims is moot. The Assignors' claims related only to allegations concerning alleged inconsistencies between SPhinX's organizational documents. See Compl. ¶¶ 72-79; R&R 8. Subsequent to the issuance of the R&R, Plaintiffs voluntarily dismissed with prejudice any claim based on alleged inconsistencies in the organizational documents. See Stipulation of Voluntary Dismissal with Prejudice, dated April 17, 2012 (D.E. 96). Having thus already stipulated to the dismissal of the Assignors' claims, Plaintiffs cannot now be heard to "object to the dismissal of the Assignors' claims." See Objection 1.

### II

### PLAINTIFFS' OBJECTION CONCERNING ALLEGED CONFLICTS CREATES A FALSE ISSUE

Plaintiffs also object to a finding that the Special Master did not make and that has no bearing on the outcome of this case. The gravamen of Plaintiffs' Complaint is that SRZ withdrew from its representation of SPhinX without advising SPhinX of the implications of 502(d) on its decision to honor redemptions, allegedly causing harm to SPhinX as a result. Compl. ¶¶ 80-108. As addressed in SRZ's own objection to the R&R, the Complaint does not adequately allege that SRZ breached any duty to SPhinX through its withdrawal, or that its withdrawal caused any harm suffered by SPhinX. See Memorandum of Law in Support of Defendant's Motion to Dismiss the Complaint, dated May 4, 2011 (D.E. 20), at 16-19; SRZ's Objections to the R&R, dated May 4, 2012 (D.E. 99) ("SRZ Objection"), at 7-17. In an apparent

2

attempt to suggest that SRZ's proper withdrawal was somehow tainted, Plaintiffs have scattered allegations of conflicts throughout their Complaint and Objection. See, e.g., Compl. ¶¶ 64-71; Objection 1-3. As the Special Master recognized, however, these allegations add nothing to Plaintiffs' malpractice claim. See R&R 7-9.

Plaintiffs' argument, that SRZ breached its duties to SPhinX because conflicts of interest allegedly arose causing SRZ to withdraw, creates a circumstance in which a lawyer facing conflicts among clients would have *no* ethical recourse. For obvious reasons, this is not the law. An attorney faced with conflicts among current clients complies with his ethical obligations by withdrawing from the representation. N.Y. Code of Prof'l Resp. D.R. 2-110(B) & 5-105(B).[1] Liability will only spring from this withdrawal if the withdrawal somehow prejudices the client. See Charl-Ho Park v. Reizes, No. 5:06-CV-0843, 2009 U.S. Dist. LEXIS 117077, at *13-16 (N.D.N.Y. Dec. 15, 2009) (dismissing malpractice claim where withdrawal was required by ethical rules, and withdrawal did not prejudice client).

According to Plaintiffs, SRZ withdrew shortly after the alleged conflict of interest among SPhinX and PlusFunds arose. Objection 3. Assuming *arguendo* that the conflicts Plaintiffs complain of actually existed, SRZ's withdrawal would have been both necessary and proper. See N.Y. Code of Prof'l Resp. D.R. 2-110(B) & 5-105(B). Because SRZ's withdrawal did not prejudice SPhinX, alleged conflicts among SRZ's clients cannot transform SRZ's withdrawal into something more pernicious, and the Special Master's conclusion that the allegations of

---

[1] The N.Y. Code of Professional Responsibility cited herein was repealed in 2009; however, it was in force at the time of the events at issue in this case and is thus relevant.

conflict "add nothing" should not be disturbed. See R&R 16; SRZ Objection 7-17; Charl-Ho Park, 2009 U.S. Dist. LEXIS 117077, at *13-16.

Furthermore, Plaintiffs have misread the Special Master's R&R, and they challenge a finding of fact that the Special Master never made. See Objection 1-4. In his R&R, the Special Master noted that the interests of SPhinX and PlusFunds appeared to be aligned. R&R 16. The Special Master made no finding of fact on the existence of conflict, however, and merely concluded that "Plaintiffs' allegations of conflict of interest from the simultaneous representation of SPhinX and PlusFunds add nothing to the Plaintiffs' malpractice claims." R&R 16. In addressing the additional alleged conflicts between SPhinX and another of SRZ's clients, Refco Alternative Investments, the Special Master similarly noted that "the conflict allegations . . . do no more than provide some context and possible motivation for [SRZ's] actions . . . [and] Plaintiffs make no argument that the conflict allegations are sufficient to establish a cause of action on their own." R&R 17. In sum, the Special Master made no finding of fact regarding the existence of a conflict between SPhinX's and PlusFunds' interests, but merely noted that such conflicts would not impact his analysis of the malpractice claim. R&R 16-17. Therefore, to the extent Plaintiffs challenge the Special Master's "finding of fact," that challenge should be rejected.

## CONCLUSION

For the foregoing reasons, the Court should reject Plaintiffs' challenges to the Special Master's R&R and, for the reasons stated in SRZ's motion to dismiss and objection, dismiss the Complaint in its entirety.

4

Dated: May 18, 2012

    Respectfully submitted,

    CHADBOURNE & PARKE LLP

By    */s/ Scott S. Balber*
    Scott S. Balber
    A Member of the Firm
    Attorneys for Defendant
      Schulte Roth & Zabel LLP
    30 Rockefeller Plaza
    New York, New York 10112
    (212) 408-5100
    sbalber@chadbourne.com

Of Counsel:   Marcelo M. Blackburn
              Nicolas A. Stebinger
              Erin M. Shinneman